## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DOUGLAS RIDLOFF and
ASL SLAM, INC.,

                              Plaintiffs,

              v.

ANNE MARIE "JADE" BRYAN and
JADE FILMS AND ENTERTAINMENT,
LLC,

                              Defendants.

Case No. 1:25-cv-07087

**COMPLAINT**

JURY TRIAL DEMANDED

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Howard J. Shire*
Howard J. Shire (HS8892)
875 Third Avenue
New York, NY 10022
Tel: (212) 808-2722
howard.shire@troutman.com

Brooke R. Watson (NC Bar No. 55802)
*Pro hac vice forthcoming*
301 South College Street, 34th Floor
Charlotte, NC 28202
Tel: (704) 998-4079
brooke.watson@troutman.com

Emma Bennett (TX Bar No. 24131250)
*Pro hac vice forthcoming*
600 Travis Street, Suite 2800
Houston, TX 77002
Tel: (713) 226-1549
emma.bennett@troutman.com

*Attorneys for Plaintiffs Douglas Ridloff and
ASL Slam, Inc.*

1

Plaintiffs Douglas Ridloff and ASL Slam, Inc. (collectively, "Plaintiffs"), by their attorneys, for their complaint against Defendants Anne Marie "Jade" Bryan and Jade Films and Entertainment, LLC (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.    This is a civil action for trademark infringement, unfair competition, deceptive trade practices, and related claims under Federal and New York State Law, as well as fraud on the United States Patent and Trademark Office ("USPTO"), resulting from Defendants' willful, knowing, and persistent unlawful use of the ASL SLAM trademark in connection with entertainment services for deaf persons, which compete directly with Plaintiffs' groundbreaking and longstanding ASL SLAM events featuring live poetry and storytelling performances by Deaf artists.

2.    Plaintiffs bring this action under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.*, common law trademark infringement and unfair competition under New York State Laws, New York General Business Law § 360-l, and 15 U.S.C. § 1119 to protect their valuable ASL SLAM Mark and to ensure that the public is not confused, deceived, or misled into purchasing Defendants' entertainment services in connection with the ASL SLAM Mark. Plaintiffs seek preliminary and permanent injunctive relief, and the recovery of actual damages, Defendants' profits, statutory damages, attorneys' fees, costs, and other relief more fully set forth herein.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338, and has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

4.     Defendant Jade Films and Entertainment, LLC is subject to personal jurisdiction of this Court because it is registered to do business in New York State and *inter alia*, (i) promotes, supplies, offers, and provides its goods and services in New York, (ii) transacts business within New York, (iii) engages in a persistent course of infringing conduct in New York, and (iv) expects, or should expect, its acts to have legal consequences within New York.

5.     Defendant Anne Marie "Jade" Bryan is subject to personal jurisdiction of this Court because (i) she is a resident of the state of New York, and (ii) she expects, or should expect, her acts to have legal consequences within New York.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, *inter alia*, (i) Defendants are subject to personal jurisdiction in this civil action in this District, (ii) Defendants have promoted and continue to promote, supply, offer, provide, and sell services in this District, (iii) Defendants have directed advertising and the provision of products and services in this District, and (iv) a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred, and continue to occur, in this District.

## PARTIES

7.     Plaintiff ASL Slam, Inc. ("ASL Slam") is a Delaware not-for-profit corporation having a principal business address at 154 S. 2nd Street, Brooklyn, New York, 11211.

8.     Plaintiff Douglas Ridloff ("Ridloff") is a resident of the State of Texas. Ridloff is the sole owner of ASL Slam.

9.     Upon information and belief, Defendant Jade Films and Entertainment, LLC ("Jade Films") is a New York limited liability company having a principal business address at 232 West 114th Street, New York, New York, 10026.

10.     Upon information and belief, Defendant Anne Marie "Jade" Bryan ("Bryan"), an individual and Founding Member of Jade Films and Entertainment, LLC, is a resident of New

York and has personally participated in and has willfully and knowingly directed the wrongful acts of Jade Films and Entertainment, LLC, complained of herein, and such wrongful acts have been and are engaged in for the benefit of Jade Films and Entertainment, LLC and for her own individual gain and benefit.

11.    Defendants' promotional activity on their website, <www.jadefilm.com/aslslam>, indicate at least a portion of the infringing services are "written and directed" by Defendant Bryan in her individual capacity and for her individual benefit. *See* **Exhibit A.**

12.    Defendants'    website,    <www.jadefilm.com/jadebryan>,    demonstrates    that Defendant Bryan is a central figure and guiding force of Jade Films and Entertainment, LLC, by including a personal statement, her CV, and a personal biography on the "About" page of the website. *See* **Exhibit B.**

## PLAINTIFFS' ASL SLAM TRADEMARK

13.    Plaintiff Ridloff has owned and controlled use of the common law service mark "ASL SLAM," (the "ASL SLAM Mark") since at least as early as 2005.

14.    Plaintiff ASL Slam is a licensee of the ASL SLAM Mark.

15.    Plaintiff Ridloff owns nationwide common law trademark rights in ASL SLAM by virtue of this use of the ASL SLAM Mark throughout the United States.

16.    Plaintiff Ridloff, either on his own or through the solely owned entity S4nses, LLC and licensees, has offered social and entertainment events, including live events featuring poetry and storytelling presented by members of the Deaf and signing community in interstate commerce under the ASL SLAM Mark since at least as early as 2005.

17.    Since the first use in 2005, Plaintiff Ridloff has continuously and exclusively, including through his solely owned entity and licensees, used the ASL SLAM Mark.

18.     Plaintiff Ridloff owns U.S. Trademark Application Serial No. 99/188,717 at the USPTO for ASL SLAM for "*[a]rranging, organizing, conducting, and hosting social entertainment events*," in Class 41 ("Plaintiffs' Services"), which was filed on May 16, 2025. A current print-out of information from the electronic database of records of the USPTO and the current status and title of this application is attached as **Exhibit C**.

19.     Plaintiffs' Services offered under the ASL SLAM Mark have been and continue to be recognized for excellence by consumers in the United States. As a result of Plaintiffs' promotional activities and unsolicited consumer recognition, Plaintiffs' ASL SLAM Mark has become well-known in the United States in connection with Plaintiffs' Services. The relevant public therefore associates and identifies Plaintiffs' ASL SLAM Mark with Plaintiffs and Plaintiffs derive substantial goodwill from such identification by consumers.

20.     Plaintiffs have expended substantial time, money, and resources marketing, advertising, and promoting the goods and services under the ASL SLAM Mark.

21.     Plaintiffs prominently display the ASL SLAM Mark on their website, <www.aslslam.org>, where customers access information about Plaintiffs' Services, including upcoming events located around the United States, including in New York, Austin, Orlando, and Hartford.

22.     Plaintiffs' promotional activities have earned numerous unsolicited third-party and press recognitions, including by the New York Times and NBC News. *See* **Exhibit D.**

23.     Plaintiffs' events are notable because the poets featured are Deaf individuals and the performances do not "rely on rhyming patterns or meter with auditory or written wordplay, but rather movement," allowing members of the Deaf community to "express themselves through poetry." **Exhibit D.**

24. Plaintiffs also maintain a verified Instagram account, @aslslam, with approximately forty-four thousand (44,000) followers, where Plaintiffs use and promote the ASL SLAM Mark associated with Plaintiffs' Services. **Exhibit E.**

<u>**DEFENDANTS' WILLFUL AND KNOWING MISCONDUCT**</u>

25. Based on the public records of the USPTO, on May 6, 2025 Defendant Jade Films filed U.S. Application Serial Number: 99/171,313 for ASL SLAM (word mark) ("Infringing Mark") for "*Organization of entertainment events in the nature of American Sign Language (ASL) slam live music festivals and contests, live spoken word poetry with deaf and hearing artists and signers, live signed spoken poetry, visual vernacular, mime, movements of hands, body, face, live music, live bands, live art, and dancing performances; Hosting social entertainment events, namely, ASL slamming live on stage, acting, acting performance, deaf talent, deaf performers, deaf creatives, deaf artists who slam signed visual words, panel discussions, live talks, and staged readingsslam* [sic] *contests, featured poet performances, open mic sessions, professional dancing performances, acting classes, workshops, judging competitions, film festivals, film screenings, ASL signed poetry, visual language, Black Sign Language (BASL) poetry, ASL dance poetry, poetry writing creative lab, storytelling, visual storytelling, entertainment in the nature of poetry performance by BIPOC deaf artists and competitions, virtual settings, theater performance, stage, black box theater, ticketed events, online performances, online competitions, television, reality tv show, ASL Slam game shows, radio and television interviews, film production, ASL Slam film challenges, ASL Slam concept pitches, and Deaf Women of Color ASL Slam Retreat and Networking sessions, Monologue slam, monologue slamming, slamming in ASL, ASL slamming in style, ASL monologue slam, monologue signed words, ASL slamming live on stage, acting, acting performance, deaf talent, deaf performers, deaf creatives, deaf artists who slam signed visual words, panel discussions, live talks, and staged readings, ASL Slam for television, ASL Slam for*

6

*the camera, ASL Slam for the screen, ASL Slam for the stage, ASL Slam Open Mic Performance, ASL Slam Creative Language, ASL Slam for deaf and autistic kids, ASL Slam for disabled kids, ASL Slam Podcast or Podcast, ASL Slam Blog, Video Contest Monologue Slam, ASL Slam Pitch Competition, ASL Slam Influencers, for others*," in Class 41 ("Defendants' Services"). A current print-out of information from the electronic database of records of the USPTO and the current status and title of this application is attached as **Exhibit F**.

26.    In this application, Defendant Jade Films claims first use of the Infringing Mark is "at least as early as" December 15, 2001, but it claimed (an alleged) first use in commerce of the Infringing Mark is "at least as early as" March 24, 2012, approximately seven (7) years after Plaintiffs' first began using the ASL SLAM Mark.

27.    Defendants maintain an Instagram account, @aslslam_usa, created May 2025, with approximately seventy (70) followers, where Defendants use and promote the Infringing Mark associated with Defendants' Services. *See* **Exhibit G**.

28.    Defendants maintain a website for the promotion and sale of Defendants' Services under the Infringing Mark at <www.jadefilm.com/aslslam>. *See* **Exhibit A**.

29.    Defendants promote Defendants' Services, under the Infringing Mark in connection with entertainment services specifically for the Deaf community. Defendants' services are identical or nearly identical to Plaintiffs' Services provided under their ASL SLAM Mark. *See* **Exhibit A**.

30.    A snip of the website shown in **Exhibit A**, <www.jadefilm.com/aslslam>, was submitted as a specimen to the USPTO as part of Defendant Jade Films' application  for the Infringing Mark.

31.    On information and belief, Defendants have manipulated and edited online posts to create the false appearance that Defendants have been using the Infringing Mark since at least as

early as 2012. For example, at least a portion of the flyers on Defendants' website <www.jadefilm.com/aslslam>, the website from which material was submitted as a specimen of use for the application for the Infringing Mark, were edited to replace the title of the event from DEAF TALENT to ASL SLAM. Compare **Exhibit A** at page 7, with **Exhibit H** at page 3.



32.    On information and belief, when Defendant Jade Films filed its trademark application for the Infringing Mark, including the sworn declaration executed by Defendant Jade Films' trademark attorney, Defendant Jade Films knew ASL SLAM was being used by another Deaf organization.

33.    On information and belief, when Defendant Jade Films filed the trademark application for the Infringing Mark, including the sworn declaration executed by Defendant Jade Films' trademark attorney, Defendant Jade Films knew the "first use in commerce date" were false.

On information and belief, Defendants' knowing and willful actions, including the application for a federal trademark application, are retaliatory because Defendant Bryan posted a video on Facebook, *see* **Exhibit I** with the below caption (emphasis added):

***Public awareness regarding my rights to ASL SLAM<sup>TM</sup> phrase***. . . . A cease and desist notice was sent to Douglas Ridloff and Michael Kaufer on April 27, 2025, who infringed on one of my company's intellectual property, Deaf Talent® on April 4th to capitalize promote, and advertise their events. ***In lieu of payment owed to me which they refused, my lawyer advised that I file with the USPTO to claim the phrase [ASL SLAM].*** Therefore, I have a legalize [sic] rights to use it [ASL SLAM]. Thank you for watching!

ASL SLAM<sup>TM</sup>

. . .

If you don't understand intellectual property law, keep moving.

34.     Defendants' acts are willful with intent to trade on the goodwill of Plaintiffs' ASL SLAM Mark, cause confusion and deception in the marketplace, and divert potential Event attendees from Plaintiffs to Defendants.

35.     Plaintiffs have not at any time authorized Defendants to promote, supply, offer, render, or provide Defendants' Services under the Infringing Mark.

36.     Defendants' use of the Infringing Mark, which is identical to Plaintiffs' ASL SLAM Mark, in connection with services identical or nearly identical to Plaintiffs' services, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and the industry, causing immediate and continuing irreparable harm to Plaintiffs, and Defendants will continue to do so unless restrained by this Court.

## <u>COUNT I</u>
### False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))

37.     Plaintiffs reallege and incorporate here by reference the allegations set forth above.

38.     Defendants' promotion, supply, and offering of Defendants' Services under the Infringing Mark is likely to cause confusion, mistake or deception as to the affiliation, origin, sponsorship, or approval by Plaintiffs of Defendants' commercial activities.

39.    Defendants' acts constitute use of a false designation of origin, false and misleading descriptions and representations of fact, and unfair competition—all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.    Plaintiffs have been damaged, and are likely to be further damaged, by the false description and representations as to the source of Defendants' Services, because there is a substantial likelihood that consumers will be confused as to the source, sponsorship and affiliation of such services, and because consumers will likely believe, incorrectly, that such services originate with Defendants instead of Plaintiffs.

41.    Defendants' acts have been, and continue to be done, with intent to cause confusion, mistake, and deception regarding the source or sponsorship of Defendants' Services.

42.    Defendants' intentional and willful conduct has caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined, and Plaintiffs have no adequate remedy at law.

## <u>COUNT II</u>
### Trademark Infringement Under New York Common Law

43.    Plaintiffs reallege and incorporate here by reference the allegations set forth above.

44.    The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

45.    Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs. Defendants' unlawful actions have caused Plaintiffs monetary damage in an amount presently unknown, but in an amount to be determined at trial.

46.    By their acts, Defendants have made and will make substantial profits and gains to which they are not entitled in law or equity.

47.    Defendants' acts have been, and continue to be done, with intent to cause confusion, mistake, and deception regarding the source or sponsorship of Defendants' Services.

48.     Defendants intend to continue their willful and intentional acts, and will continue to willfully infringe the ASL SLAM Mark, unless restrained by this Court.

49.     Defendants' intentional and willful conduct has caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined, and Plaintiffs have no adequate remedy at law.

<u>**COUNT III**</u>
**Unfair Competition Under New York Common Law**

50.     Plaintiffs reallege and incorporate here by reference the allegations set forth above.

51.     With knowledge of the fame and inherent distinctiveness of the ASL SLAM Mark, Defendants intended to, did, and continue to trade on the goodwill associated with the ASL SLAM Mark by offering Defendants' Services under the Infringing Mark, which is identical and confusingly similar to the ASL SLAM Mark.

52.     Defendants' acts as alleged herein are likely to cause confusion, mistake and deception to consumers as to the affiliation, connection, or association of Defendants with Plaintiffs, and as to the origin, sponsorship, or approval of Defendants' Services by Plaintiffs, all to the detriment and damage of Plaintiffs and the unjust enrichment of Defendants.

53.     Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs. Defendants' unlawful actions have caused Plaintiffs monetary damage in an amount presently unknown, but in an amount to be determined at trial.

54.     By their acts, Defendants have made and will make substantial profits and gains to which they are not entitled in law or equity.

55.     Defendants intend to continue their willful and intentional acts, and will continue to willfully infringe the ASL SLAM Mark, unless restrained by this Court.

56.     Defendants' intentional and willful conduct has caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined, and Plaintiffs have no adequate remedy at law.

## COUNT IV
### Injury to Business Reputation and Dilution (New York General Business Law § 360-l)

57.    Plaintiffs reallege and incorporate here by reference the allegations set forth above.

58.    The aforesaid acts of Defendants have diluted, and will likely continue to dilute, the unique and distinctive quality of Plaintiffs' ASL SLAM Mark and are likely to injure Plaintiffs' business reputation, in violation of New York General Business Law § 360-l.

59.    Defendants' intentional and willful conduct has caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined, and Plaintiffs have no adequate remedy at law.

## COUNT V
### Refusal and Cancellation of Defendant Jade Film's ASL SLAM Application
### for Fraud on the USPTO (15 U.S.C. § 1119)

60.    Plaintiffs reallege and incorporate here by reference the allegations set forth above.

61.    On May 6, 2025, Defendant Jade Films, by and through its attorney, Michael Bartholomew, signed a Declaration under oath that he believed that Defendant Jade Films was entitled to use the Infringing Mark, ASL SLAM, in commerce, and that to the best of his knowledge and belief, "the facts recited in the application are accurate" and that "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

62.    When Defendant Jade Films' attorney signed the Declaration under oath, Jade Films knew or should have known that Plaintiffs were a senior user of the same mark or a confusingly similar mark, namely Plaintiffs' ASL SLAM Mark, and that Plaintiffs own legal rights to the ASL SLAM Marks that are superior to any rights of Defendants.

63.    When Defendant Jade Films' attorney signed the Declaration under oath, Defendant Jade Films knew or should have known that Plaintiffs have rights in the ASL SLAM Marks that

are superior to Defendants' and either believed that a likelihood of confusion would result from Defendants use or intended this result.

64.     When Defendant Jade Films' attorney signed the Declaration under oath, Defendant Jade Films knew or should have known that its alleged "first use" and "first use in commerce date" were not accurate.

65.     When Defendant Jade Films' attorney signed the Declaration under oath, Jade Films knew or should have known that a portion of the flyers shown on Defendants' website, which was submitted as a specimen, were manipulated to create the false impression that Defendants have been using the Infringing Mark since at least as early as the alleged (but false) "first use in commerce date."

66.     Defendant Jade Films, in failing to disclose to the USPTO the facts set forth herein about Plaintiffs' superior rights, intended to procure a registration to which it is not and would not be entitled. The failure to disclose such facts are material to the USPTO's consideration of U.S. Trademark Application Serial No. 99/171,313.

67.     Defendant Jade Films, accordingly, has committed fraud on the USPTO and the Court should order that the USPTO refuse a registration to Defendant Jade Films for the U.S. Trademark Application Serial No. 99/171,313 or, in the alternative, order Defendant Jade Films to withdraw, abandon, or otherwise rectify the register as to the Infringing Mark.

68.     Defendant Jade Films' intentional and willful conduct has caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined, and Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.      Finding that: (i) Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) Defendants have engaged in trademark infringement under New York common law; (iii) Defendants have engaged in unfair competition under New York common law; (iv) Defendants have engaged in trademark dilution and unfair methods of competition and unfair deceptive acts and practices in the conduct of trade or commerce in violation of New York common law and New York General Business Law § 360-l; and (v) Defendant Jade Films committed fraud on the USPTO.

2.      Granting an injunction preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them anywhere, from:

   a.      Promoting, supplying, offering, rendering, and providing any goods and services that utilize the Infringing Mark, or any other mark substantially or confusingly similar to Plaintiffs' ASL SLAM Mark, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in the ASL SLAM Mark or any other trademark owned by Plaintiffs;

   b.      Passing off, inducing, or enabling others to sell or pass off any product or service as originating with Plaintiffs, which are not in fact Plaintiffs' product or service, or not provided under the control and supervision of Plaintiffs and approved by Plaintiffs under the ASL SLAM Mark;

   c.      Engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of designations and indicia associated with Plaintiffs;

14

d.      Engaging in any activity that will diminish the unique and distinctive quality of Plaintiffs' ASL SLAM Mark and harm the reputation and goodwill in Plaintiffs' ASL SLAM Mark; and

e.      Otherwise competing unfairly with Plaintiffs in any manner.

3.      Directing that Defendants remove any simulation, reproduction, counterfeit, copy, or colorable imitation of the ASL SLAM Mark, or any mark confusingly similar thereto, from any and all advertising in any medium and/or websites under its control, including, without limitation Defendants' websites and social media accounts.

4.      Directing other such relief as the Court may deem appropriate to prevent the public from receiving any erroneous impression that any product or service at issue in this case, that has been advertised, marketed, promoted, rendered, supplied, distributed, sold, offered for sale, or provided by Defendants, has been authorized by Plaintiffs, or is related to or associated in any way with Plaintiffs or Plaintiffs' Services.

5.      Directing Defendants to file with the Court and serve upon Plaintiffs, within thirty (30) days after service upon Defendants of this Court's final judgment issued in this action, a statement, signed under oath, setting forth the manner and form in which Defendants have complied with the injunction herein.

6.      Directing that Plaintiffs receive and recover from Defendants all of:

a.      Defendants' profits realized by the wrongful acts;

b.      all amounts by which Defendants have been unjustly enriched;

c.      all damages sustained by Plaintiffs;

      d.      costs, attorney fees, and investigatory fees and expenses to the full extent provided for by and relief under 15 U.S.C. §§ 1116-1118, and New York General Business Law § 360-l; and

      e.      any additional amount that the Court determines to be just.

7.      Order the USPTO to refuse registration of U.S. Trademark Application Serial No. 99/171,313 or, in the alternative, direct Defendant Jade Films to withdraw, abandon, or otherwise rectify the register as to the Infringing Mark.

8.      Trebling the damages from Defendants' infringement under the Lanham Act due to Defendants' willfulness in accordance with the provisions of 15 U.S.C. § 1117.

9.      Awarding Plaintiff exemplary or punitive damages.

10.      Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(d), Plaintiffs hereby demand a jury trial on all issues so triable that are raised by this Complaint.

Respectfully submitted,

Dated: August 26, 2025                    By:    */s/ Howard J. Shire*
                                                 Howard J. Shire (HS8892)
                                                 875 Third Avenue
                                                 New York, NY 10022
                                                 Tel: (212) 808-2722
                                                 howard.shire@troutman.com

                                                 Brooke R. Watson (NC Bar No. 55802)
                                                 *Pro hac vice forthcoming*
                                                 301 South College Street, 34th Floor
                                                 Charlotte, NC 28202
                                                 Tel: (704) 998-4079
                                                 brooke.watson@troutman.com

                                                 Emma Bennett (TX Bar No. 24131250)
                                                 *Pro hac vice forthcoming*
                                                 600 Travis Street, Suite 2800
                                                 Houston, TX 77002
                                                 Tel: (713) 226-1549
                                                 emma.bennett@troutman.com

                                                 *Attorneys for Plaintiffs Douglas Ridloff and
                                                 ASL Slam, Inc.*